

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>　　　　　　　　　　　Plaintiff,<br>v.<br>JOHN DOE subscriber assigned IP address 76.196.236.234,<br>　　　　　　　　　　　Defendant. | Case No.: 18cv1355-JLS(KSC)<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**<br><br>[Doc. No. 4] |

Before the Court is plaintiff's *Ex Parte* Application for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference. [Doc. No. 4.] No opposition or reply briefs have been filed or considered by the Court, because defendant has not been fully identified and has not been served with a summons or the Complaint. Thus far, defendant has only been identified as the "subscriber assigned IP address 76.196.236.234." [Doc. No. 1.] For the reasons discussed below, the Court finds that plaintiff's *Ex Parte* Application must be **GRANTED**.

### *Background*

Plaintiff filed a Complaint against defendant alleging a single cause of action for direct copyright infringement. [Doc. No. 1, at pp. 6-8]. In the Complaint, plaintiff asserts ownership of copyrights for adult motion pictures that are distributed through adult

1

websites and DVDs. [Doc. No. 1, at p. 1-2, 6.] The Complaint alleges that the defendant is using BitTorrent protocol to download and distribute plaintiff's motion pictures to others "on a grand scale." [Doc. No. 1, at p. 2.] The Complaint further alleges that defendant "downloaded, copied, and distributed a complete copy" of plaintiff's copyrighted movies "without authorization." [Doc. No. 1, at p. 5.] According to the Complaint, defendant's "infringement is continuous and ongoing" and the lawsuit is the only way to effectively prevent defendant from infringing the copyrights. [Doc. No. 1, at p. 6.]

The Complaint explains that "BitTorrent is a system designed to quickly distribute large files over the Internet. Instead of downloading a file, such as a movie, from a single source, BitTorrent users are able to connect to the computers of other BitTorrent users in order to simultaneously download and upload pieces of the film from and to other users." [Doc. No. 1, at p. 4.] "To use BitTorrent to download a movie, the user has to obtain a 'torrent' file for that movie, from a torrent website. The torrent file contains instructions for identifying the Internet addresses of other BitTorrent users who have the movie, and for downloading the movie from those users. Once a user downloads all of the pieces of that movie from the other BitTorrent users, the movie is automatically reassembled into its original form, ready for playing." [Doc. No. 1, at p. 4.]

## *Discussion*

In the *Ex Parte* Application, plaintiff seeks leave to serve limited, immediate discovery on defendant's Internet Service Provider ("ISP"), AT&T Inc. and/or AT&T U-verse, so that plaintiff may learn defendant's identity. [Doc. No. 4-1, at pp. 6-7]. Specifically, plaintiff seeks an order permitting it to serve a Rule 45 subpoena on AT&T Inc. (AT&T U-verse) to obtain the name and address of the account holder assigned to Internet Protocol ("IP") address 76.196.236.234. [Doc. No. 4-1, at pp. 6-7.]

Generally, discovery is not permitted without a court order before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d)(1). In the Ninth Circuit, exceptions to requests for early discovery have generally been disfavored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). However, "situations

arise, such as the present, where the identity of alleged defendants will not be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Id.*

"[S]ome limiting principals should apply to the determination of whether discovery to uncover the identity of a defendant is warranted." *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578 (N.D. Cal. 1999). Such early discovery should be limited "to ensure that this unusual procedure will only be employed in cases where the plaintiff has in good faith exhausted traditional avenues for identifying a civil defendant pre-service" and to "prevent use of this method to harass or intimidate." *Id.* "First, the plaintiff should identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court." *Id.* Second, the plaintiff "should identify all previous steps taken to locate the elusive defendant" to ensure that the plaintiff has made a good faith effort to identify and serve process on the defendant. *Id.* at 579. Third, the "plaintiff should establish to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss." *Id.* "Thus, plaintiff must make some showing that an act giving rise to civil liability actually occurred and that the discovery is aimed at revealing specific identifying features of the person or entity who committed that act." *Id.* at 580.

"Lastly, the plaintiff should file a request for discovery with the Court, along with a statement of reasons justifying the specific discovery requested as well as identification of a limited number of persons or entities on whom discovery process might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information about defendant that would make service of process possible." *Id.*

///

///

### ***A.    Identification of the Defendant with Sufficient Specificity.***

In support of the Ex Parte Application, plaintiff submitted three relevant declarations. First, a Declaration by Tobias Fieser states that he is employed by IPP International UG (IPP), which provides forensic investigation services to copyright owners by tracking, monitoring, and detecting copyright infringement over the internet. [Doc. No. 4-2, at p. 11.] According to Mr. Fieser, IPP monitors the BitTorrent file distribution network for the presence of plaintiff's copyrighted works. [Doc. No. 4-2, at p. 11.] Based on his review of forensic activity records and other forensic evidence, Mr. Fieser states that he was able to determine that IP address 76.196.236.234 was used to distribute "multiple pieces" of plaintiff's copyrighted movies. [Doc. No. 4-2, at pp. 11.] Each of these pieces was recorded in digital files that are identified by a "Crypotographic Hash Value." [Doc. No. 4-2, at p. 12.] Software was then used to re-assemble and analyze the digital files to confirm that the files being distributed by defendant's IP address were pieces of plaintiff's copyrighted movies. [Doc. No. 4-2, at p. 12.] According to Mr. Fieser's Declaration, Exhibit A to the Complaint [Doc. No. 1-2, at pp. 1-2] lists digital files of plaintiff's copyrighted works that were distributed using the defendant's IP address. [Doc. No. 4-2, at p. 12.] It appears that Exhibit A also lists the dates these digital files were distributed using the defendant's IP address and indicates that the defendant's IP address is located in San Diego, California. [Doc. No. 1-2, at pp. 1-2.]

Second, a Declaration by Susan B. Stalzer states that she is plaintiff's employee and is familiar with plaintiff's copyrighted movies. She was charged with reviewing the digital files enumerated on Exhibit A that were collected by IPP during its forensic investigation to verify that the files did indeed contain plaintiff's copyrighted movies. Following this verification process, she used the American Registry for Internet Numbers (ARIN) to confirm that defendant's IP address is associated with AT&T U-verse. [Doc. No. 4-2, at pp. 19-20.]

Third, a Declaration by Philip Pasquale states that he is a tech advisor for a firm that specializes in network security, data breaches, and the protection of secured information transmitted across networks. [Doc. No. 4-2, at p. 15.] Mr. Pasquale was retained by

4

plaintiff "to individually analyze and retain forensic evidence captured by IPP. . . . " [Doc. No. 4-2, at p. 15.] He used a program called Wireshark to review the contents of the digital files collected by IPP and was able to confirm a "transaction with 76.196.236.234 at 05/16/2018 17:05:39 UTC." [Doc. No. 4-2, at p. 15.] Based on his experience in other cases, Mr. Pasquale also represents that AT&T U-verse is the "only entity that can correlate the IP address to its subscriber and identify defendant as the person assigned the IP address 76.196.236.234 during the time of the alleged infringement." [Doc. No. 4-2, at pp. 15-16.]

The Complaint also alleges that geolocation technology by Maxmind Inc., "an industry-leading provider of IP address intelligence and online fraud detection tools," was used to determine that "defendant's IP address traced to a physical address in this District." [Doc. No. 1, at p. 2-3. *See also* Doc. No. 4-1, at pp. 12-13.] "Some district courts in the Ninth Circuit have determined that a plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP address assigned to an individual defendant on the day of the alleged infringing conduct, and by using 'geolocation technology' to trace the IP address to a physical point of origin." *See, e.g., Malibu Media, LLC v. Does 1-19*, 2012 WL 2152061, at *3 (S.D. Cal. June 12, 2012), and cases cited therein.

Based on the allegations in the Complaint and the information provided in the supporting Declarations summarized above, the Court finds that plaintiff identified the defendant with enough specificity so that the Court may determine that defendant is a person who could be sued in Federal Court. Plaintiff provided the Court with information about infringing activity tied to defendant's IP address and specific dates and times for such activity.

### B. *Previous Steps Taken to Identify Defendant.*

In its *Ex Parte* Application, defendant has represented that it has consulted with computer investigators and cyber security consultants and has searched sources available to the public but is unable to obtain the name and address of the subscriber of IP address 76.196.236.234 for the time period in question. [Doc. No. 4-1, at p. 13-14.] Through publicly available data, plaintiff is only able to connect a particular IP address to infringing

activity on specified dates; identify the city and state associated with that IP address; and discover the ISP who is associated with that IP address. [Doc. No. 4-1, at pp. 13-14.] Without a subpoena for the name and address of the subscriber to the IP address in question, plaintiff will be unable to identify and serve defendant. [Doc. No. 4-1, at p. 17.]

The Court is also aware that the requirements of the Cable Privacy Act, 47 U.S.C. § 551, generally prohibit cable operators from disclosing personally identifiable information regarding subscribers without the prior written or electronic consent of the subscriber. 47 U.S.C. § 551(c)(1). A cable operator, however, may disclose such information if the disclosure is made pursuant to a court order, and the cable operator provides the subscriber with notice of the order. 47 U.S.C. § 551(c)(2)(B). Therefore, the information plaintiff seeks pursuant to a subpoena falls within an exception to the prohibition on disclosure within the Act.

Accordingly, based on the information provided in the Ex Parte Application and supporting Declarations, the Court finds that plaintiff made a good faith effort to identify and serve the defendant. However, plaintiff is unable to do so without an Order from the Court allowing it to serve a subpoena on the ISP associated with the IP address in question.

### C. *Ability to Withstand a Motion to Dismiss.*

Under Federal Rule of Civil Procedure 12(b), a case can be dismissed for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(1), 12(b)(6). "Under the Copyright Act of 1976 ('the Act') a plaintiff may not 'institute [ ]' an action in federal district court 'until registration of the copyright claim has been made in accordance with this title.' 17 U.S.C. § 411(a)." *Berry v. Penguin Group (USA), Inc.*, 448 F.Supp.2d 1202, 1202 (W.D. Wash. 2006). In order to state a viable claim for copyright infringement, a plaintiff must allege: (1) ownership of a valid copyright, and (2) a violation by the defendant of the copyright owner's exclusive rights under the Copyright Act. *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004); 17 U.S.C. § 501(a).

As applied herein, the Complaint adequately alleges subject matter jurisdiction pursuant to Title 28, United Code, Sections 1331 (federal question) and 1338 (copyrights). The Complaint further alleges that plaintiff is either the registered owner or has pending registration applications for the adult motion pictures that defendant's IP address copied and distributed using the BitTorrent file distribution network without plaintiff's authorization. [Doc. No. 1 at pp. 1, 6]. Thus, plaintiff has alleged facts that could withstand a Rule 12(b)(6) motion to dismiss for failure to state a claim.

Under Federal Rule of Civil Procedure 12(b), a case can also be dismissed for lack of personal jurisdiction over a defendant or for improper venue. Fed.R.Civ.P. 12(b)(2)&(3). To overcome a defendant's motion to dismiss under Federal Rule 12(b)(2) for lack of personal jurisdiction, a plaintiff need only make a *prima facie* showing of jurisdiction by presenting facts that, if true, would support a finding of personal jurisdiction over the defendant. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). Personal jurisdiction can be established over a person who resides in the forum state. *Brayton Purcell LLP v. Recordon & Recordon*, 361 F.Supp.2d 1135, 1138 (N.D. Cal. 2005). In copyright infringement actions, venue is proper "in the district in which the defendant . . . resides or may be found." 28 U.S.C. § 1400(a).

Based on the record before the Court, it also appears that the Complaint is likely to survive a motion to dismiss for lack of personal jurisdiction or improper venue. First, the Complaint alleges that geolocation technology was used to trace the IP address to a location in the State of California and in this District. Second, the Complaint alleges that the defendant resides here based on the results of geolocation technology. Third, the Complaint asserts that a substantial part of the alleged copyright infringement occurred in this District. Assuming it can support these assertions with geolocation evidence, plaintiff has shown to the Court's satisfaction that it is likely to withstand a motion to dismiss for lack of personal jurisdiction or improper venue and is therefore entitled to serve a third party subpoena to discover the name and address of the subscriber to the subject IP address for the time period in question.

# **CONCLUSION**

For the reasons set forth above, plaintiff's Ex Parte Motion for Leave to Serve a Third Party Subpoena is **GRANTED** with the following limitations:

1. Plaintiff may serve a subpoena on defendant's ISP, AT&T and/or AT&T U-verse, seeking the name and address only of the subscriber assigned to the IP address identified in the Complaint for the time periods of the alleged infringing activity outlined in Exhibit A to plaintiff's Complaint.

2. The subpoena must provide a minimum of **forty-five (45) days'** notice before any production and shall be limited to one category of documents identifying the particular subscriber identified in Exhibit A to plaintiff's Complaint. [Doc. No. 1-2, at pp. 1-2.] The requested information shall be limited to the name and address of the subscriber during the time period of the alleged infringing activity referenced in Exhibit A to the Complaint. AT&T may seek a protective order if it determines there is a legitimate basis for doing so.

3. AT&T shall have **fourteen (14) calendar days** after service of the subpoena to notify the subscriber that his or her identity has been subpoenaed by plaintiff. The subscriber whose identity has been subpoenaed shall then have **thirty (30) calendar days** from the date of the notice to seek a protective order or file any other responsive pleading.

4. Plaintiff shall serve a copy of this Order with any subpoena obtained and served pursuant to this Order to AT&T and/or AT&T U-verse. AT&T and/or AT&T U-verse, in turn, must provide a copy of this Order along with the required notice to the subscriber whose identity is sought pursuant to this Order. No other discovery is authorized at this time.

5. Until the Court orders otherwise, plaintiff shall not disclose the name, address, telephone number, or any other identifying information, other than the defendant's IP address, in the public record. All documents including any of defendant's identifying

///

///

///

information, other than defendant's IP address, shall be filed under seal until defendant has had an opportunity to challenge the disclosure of any identifying information.

**IT IS SO ORDERED.**

Dated: August 20, 2018

Hon. Karen S. Crawford
United States Magistrate Judge